USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
JIMMY AVILA, :
:
Plaintiff, : 18 Civ. 7851 (LGS)
:
-against- : **OPINION AND ORDER**
:
1212 GRANT REALTY, LLC, BASICS, INC., :
LORRAINE COLEMAN, JACOB :
FINKELSTEIN :
Defendants. :
:
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Jimmy Avila brings this action alleging retaliatory eviction under the federal Fair Housing Act ("FHA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the New York State Real Property Law ("NYSRPL") and alleging a state common law claim for intentional infliction of emotional distress. Non-moving Defendants are 1212 Grant Realty, LLC and Jacob Finkelstein ("1212 Grant Realty Defendants"). BASICS, Inc. and Lorraine Coleman ("BASICS Defendants") move to dismiss for failure to state a claim. For the following reasons, the motion is granted.

**I.    BACKGROUND**

The facts below are taken from the Second Amended Complaint ("Complaint"), documents integral to the Complaint and documents of which the Court may take judicial notice, including relevant documents in the underlying state court proceeding. *See* Fed. R. Evid. 201(b)(2); *Velarde v. GW GJ, Inc.*, 914 F.3d 779, 781 n.1 (2d Cir. 2019). The facts alleged in the Complaint are taken as true only for the purpose of this motion, except that a court need not accept a complaint's allegations when they are contradicted by documents properly before the

court. *See Rosenshein v. Meshel*, 688 F. App'x 60, 62 (2d Cir 2017) (summary order) (citing *Tongue v. Sanofi*, 816 F.3d 199, 206 n.6 (2d Cir 2016)). The facts are construed in the light most favorable to Plaintiff as the non-moving party. *Zuckerman v. Metropolitan Museum of Art*, 928 F.3d 186, 192-93 (2d Cir. 2019).

Plaintiff is an African American male who is a member of a protected class based on disability. Plaintiff resides in an apartment owned by 1212 Grant Realty Defendants. BASICS provides Plaintiff with supportive housing services, including renting Plaintiff's apartment on his behalf for Plaintiff to occupy. Coleman is BASICS's Vice President.

On January 2, 2018, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("SDHR Complaint") charging the 1212 Grant Realty Defendants and BASICS with an unlawful discriminatory practice relating to housing because of disability. The Complaint alleges that in retaliation for filing the SDHR Complaint, the 1212 Grant Realty Defendants initiated, on August 22, 2018, a holdover proceeding to take possession of the apartment where Plaintiff resides (the "Holdover Proceeding"). According to the Holdover Petition,[1] 1212 Grant Realty, LLC, commenced the action against BASICS as "Tenant" and "Occupant" and against Plaintiff as "Undertenant." The Complaint alleges that in retaliation for filing the SDHR Complaint, the BASICS Defendants refused to attend the Holdover Proceeding, in violation of their fiduciary duty to provide supportive services to Plaintiff.

The claims against BASICS are based on two mistaken assumptions: (1) that BASICS was responsible for representing Plaintiff in the Holdover Proceeding and (2) that BASICS did

---

[1] A court may also "take judicial notice of relevant matters of public record." *New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 406 (S.D.N.Y. 2019) (quoting *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)).

not appear in that action. First, as to representation, according to the New York State Court's webpage for the Holdover Proceeding, BASICS and Plaintiff were separately represented, and Plaintiff's attorney, Legal Services NYC, was responsible for advocating on his behalf. Second, BASICS did appear in the holdover proceeding through its attorney and filed an Answer on November 13, 2018. BASICS denied the allegations in the Holdover Petition, raised an affirmative defense and continued to participate in the proceeding.

## II.    STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (internal quotation marks omitted).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "We afford a pro se

litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

## III. DISCUSSION

### A. Claims Against Coleman

The claims against Coleman are dismissed. The only allegation in the Complaint concerning her is that she is BASICS' Vice President. As the Notice of Petition does not name Coleman as a party she had no duty to appear in the Holdover Proceeding. Coleman may not be held personally liable for actions by BASICS solely because she is Vice President. *See Esposito v. Hosfstra Univ.*, No. 11 Civ. 2364, 2012 WL 607671, at *5 (E.D.N.Y. Feb. 24, 2012) (dismissing a claim where "[t]he amended complaint sets forth no information showing this Defendant's personal involvement in any claim, other than his role as President of the University and recipient of a lawyer's letter"); *McKeever v. New York Med. College*, No. 96 Civ. 7066, 1999 WL 179376, at *11 (S.D.N.Y. Mar. 31, 1999) (dismissing a claim where the complaint "does not allege any involvement by [the individual]" who serves as a Vice President at the institution where plaintiff was employed).

### B. Claims Against BASICS

The claims against BASICS are dismissed because they are based on the incorrect factual assertion that BASICS did not appear in the Holdover Proceeding, when in fact BASICS did appear and answer.

The claims also fail because they are based on a theory of retaliation, but the Complaint does not plead facts to show that BASICS acted with a retaliatory motive. A retaliation claim under the FHA, the NYSHRL and the NYCHRL must allege facts showing that "a causal

connection exists between the protected activity and the adverse action." *Tehrani v. Town of Oyster Bay Hous. Auth.*, 18 Civ. 2450, 2019 WL 1559425, at *4 (E.D.N.Y. Apr. 10, 2019) (construing the FHA); *see Ananiadis v. Mediterranean Gyros Products, Inc.,* 151 A.D.3d 915, 919 (2d Dep't 2017) (stating that NYSHRL retaliation claim requires "a causal connection between the protected activity and the adverse action"); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013) (same, construing the NYCHRL).

The claim under the NYSRPL fails because it applies only to landlords, and BASICS is not a landlord. *See* N.Y. Real Property Law § 223-b ("No landlord of premises or units . . . shall . . . commence any action to recover real property or summary proceeding to recover possession of real property in retaliation . . .").[2]

The intentional infliction of emotional distress claim fails because BASICS' conduct was not extreme and outrageous as a matter of law. As the New York Court of Appeals has recognized: "the requirements are rigorous, and difficult to satisfy . . . that, of the intentional infliction of emotional distress claims considered by this Court, *every one* has failed because the alleged conduct was not sufficiently outrageous." *Chanko v. Am. Broad. Companies Inc.*, 49 N.E.3d 1171, 1179 (2016) (emphasis in original) (internal quotation marks omitted). "Sending eviction notices or filing an eviction action, even when the validity of the eviction is contested, does not meet this very high standard." *Rutty v. Krimko*, 17 Civ. 6090, 2018 WL 1582290, at *5 (E.D.N.Y. Mar. 30, 2018) (citing *Gkanios v. Home Sav. of Am.*, 683 N.Y.S.2d 866 (2d Dep't 1999)); *see also Stella v. County of Nassau*, 896 N.Y.S.2d 357, 357 (1st Dep't 2010) (allegation that "defendants illegally evicted [plaintiffs] from the premises, ransacked their possessions,

---

[2] Section 223-b(5) creates a rebuttable presumption of retaliatory intent if a landlord seeks to evict a tenant following the tenants complaint that the landlord had violated health, safety or other specified laws. *See* N.Y. Real Property Law § 223-b(5).

prevented them from removing their property, and videotaped the proceedings ... d[id] not, as a matter of law, constitute sufficient grounds for intentional infliction of emotional distress"); *Seltzer v. Bayer*, 709 N.Y.S.2d 21, 23 (1st Dep't 2000) (allegations that defendant dumped cement in front of plaintiff's house, tossed lighted cigarettes into his backyard, threw eggs on his front steps, and threatened to paint a swastika on his house insufficient to survive summary judgment).

Based on the foregoing, all of the claims against BASICS are dismissed.

### C. Leave to Replead

Leave to amend a complaint should be freely given "when justice so requires," Fed R. Civ. P. 15(a)(2), and courts generally grant pro se plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation omitted). Based on the facts pleaded, the Court does not believe that Plaintiff can state a viable claim against BASICS. Nevertheless, if Plaintiff has additional facts that he believes would sustain a claim, Plaintiff may file a letter asking to replead and attach a proposed amended complaint, but must do so by October 30, 2019. As any amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the proposed amended complaint, and he must replead the facts and claims related to the 1212 Grant Realty Defendants. Failure to file the letter with a proposed amended complaint will result in dismissal of the case altogether.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order -- which is not yet a final and appealable order -- would not be taken in good faith,

and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

## IV. CONCLUSION

For the foregoing reasons, the BASICS Defendants' motion to dismiss GRANTED. If Plaintiff wishes to replead, he shall seek leave by letter as set forth above by **October 30, 2019**. The Clerk of Court is respectfully directed to close the motion at Docket Number 53, and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: September 30, 2019
       New York, New York

                                LORNA G. SCHOFIELD
                             UNITED STATES DISTRICT JUDGE